```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LISA MARIE BARNES                          CIVIL ACTION

v.                                         NO. 07-7656


ALLSTATE INSURANCE COMPANY,                SECTION "F"
GREG CARPENTER and WOLFMAN
CONSTRUCTION COMPANY
```

                         ORDER AND REASONS

Before the Court is the plaintiff's motion to remand. For the reasons that follow, the motion is GRANTED.

The plaintiff sued Allstate for Allstate's alleged failure to pay the amounts due under her homeowners policy after Hurricane Katrina damaged the plaintiff's property. (She also sued her insurance agent and the contractor that worked on her house). According to Allstate, the plaintiff's policy provides coverage in the following amounts: $92,000 for dwelling, $9,200 for other property, and $64,400 for contents and personal property. Allstate says that it "has tendered payments to the Plaintiffs under their insurance policy, but more than $75,000 remains under the policy limits of that policy."

The plaintiff filed suit in state court, Allstate timely removed to this Court, and the plaintiff now moves to remand the case based on lack of diversity jurisdiction. The plaintiff contends that the jurisdictional amount in controversy is not met.

1

I.

Although the plaintiff challenges removal in this case, the removing defendants carry the burden of showing the propriety of this Court's removal jurisdiction. See Jernigan v. Ashland Oil, Inc., 989 F.2d 812, 815 (5th Cir. 1993); Willy v. Coastal Corp., 855 F.2d 1160, 1164 (5th Cir. 1988). In addition, any ambiguities are construed against removal, Butler v. Polk, 592 F.2d 1293, 1296 (5th Cir. 1979), as the removal statute should be strictly construed in favor of remand. York v. Horizon Fed. Sav. and Loan Ass'n, 712 F. Supp. 85, 87 (E.D. La. 1989); see also Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100 (1941).

II.

To exercise diversity jurisdiction, complete diversity must exist between the plaintiffs and all of the properly joined defendants, and the amount in controversy must exceed $75,000. See 28 U.S.C. § 1332.

Allstate contends that this Court has diversity jurisdiction over this suit because the parties are completely diverse and the plaintiff seeks recovery in excess of $75,000. The only dispute raised in the plaintiff's motion to remand is whether the amount-in-controversy requirement is met.[1]

---

[1] Allstate contends that the other two named defendants, an insurance agent and contractor, were improperly joined to defeat diversity jurisdiction. In her motion to remand, the plaintiff focuses on whether the amount in controversy is met, and does not dispute that there is diversity of citizenship.

III.

To determine whether it has jurisdiction, the Court must consider the allegations in the state court petition as they existed at the time of removal.  See Manguno v. Prudential Prop. & Cas. Ins. Co., 276 F.3d 720 (5th Cir. 2002); see also Cavallini v. State Farm Mut. Auto Ins. Co., 44 F.3d 256, 264 (5th Cir. 1995).

Louisiana law prohibits the plaintiff from petitioning for a specified quantum.  See La. Code Civ. P. art. 893(A)(1).  The plaintiff's petition, in conformity with Louisiana law, is silent regarding the quantum of damages.  Where, as here, the plaintiff has alleged an indeterminate amount of damages, the removing party must prove by a preponderance of the evidence that the amount in controversy exceeds $75,000.  Simon v. Wal-Mart Stores, 193 F.3d 848, 850 (5th Cir. 1999); see also De Aguilar v. Boeing Co., 47 F.3d 1404, 1412 (5th Cir. 1995).  This showing may be made by either (1) showing that it is facially apparent that the plaintiff's claims likely exceed $75,000 or (2) setting forth the facts in controversy that support a finding of the jurisdictional amount.  Luckett v. Delta Airlines, Inc., 171 F.3d 295, 298 (5th Cir. 1999).

It is not facially apparent from the plaintiff's complaint that his claims likely exceed $75,000.  Thus, the defendant must set forth facts in controversy that support a finding that the jurisdictional amount-in-controversy is met.  See

id.    The defendant wholly fails to do so.

Allstate recites the policy limits that the plaintiff could potentially recover, notes that it "has tendered payments to the Plaintiffs under their insurance policy", and finally concludes that "more than $75,000" could be recovered if the plaintiff seeks her policy limits. "Removal, however, cannot be based simply upon conclusory allegations." See Allen v. R&H Oil & Gas Co., 63 F.3d 1326, 1335 (5th Cir. 1995) (citation omitted).

Allstate's reliance on its own assertion that it has paid some unspecified amount to the plaintiff, but that plaintiff could possibly recover more than $75,000 hardly satisfies Allstate's burden to set forth facts in controversy to support a finding by this Court that the plaintiff's true claim exceeds $75,000. The only jurisdictional fact provided to the Court is that the plaintiff, if she was seeking policy limits, could possibly recover some amount over $75,000. As the removing party, however, the defendant bears the burden to show that the amount in controversy *more likely than not* exceeds $75,000. The defendant has not carried its burden.

The defendant would have the Court assume that -- even though the plaintiff does not claim entitlement to policy limits -- the mere fact that the plaintiff's policy limits exceed the jurisdictional amount in controversy catapults this case past the amount-in-controversy threshold and into federal court. Further,

4

neither party has suggested that the plaintiff's property was totally destroyed.  Allstate has submitted nothing for the Court to determine what might be the value of Ms. Barnes' "true" claim.

Based on the plaintiff's allegations and the jurisdictional facts before the Court, Allstate has failed to show by a preponderance of the evidence that the amount in controversy exceeds $75,000.

Accordingly, the plaintiff's motion to remand is GRANTED.  This case is hereby remanded to the Civil District Court for the Parish of Orleans.

New Orleans, Louisiana, January 9, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE