UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF LOUISIANA

LISA MARIE BARNES                               CIVIL ACTION

v.                                              NO. 07-7656

ALLSTATE INSURANCE COMPANY,                     SECTION "F"
GREG CARPENTER and WOLFMAN
CONSTRUCTION COMPANY

ORDER AND REASONS

Before the Court is Allstate's motion to reconsider this Court's January 9, 2008 Order that granted the plaintiff's motion to remand. For the reasons that follow, Allstate's motion is DENIED.

On January 9, 2008, the Court granted the plaintiff's motion to remand, agreeing with the plaintiff that the Court lacked subject matter jurisdiction because the jurisdictional amount in controversy requirement was not met.

Allstate now requests reconsideration of that January 9 remand order.

I.

Although the Federal Rules of Civil Procedure do not recognize a motion for reconsideration, the Fifth Circuit has held that such motions, if filed within ten days after entry of judgment, must be treated as motions to alter or amend under Rule 59(e); if filed after ten days, the Court must hold them to the more stringent

1

standards of a Rule 60(b) motion for relief from judgment. Lavespere v. Niagara Machine & Tool Works, Inc., 910 F.2d 167, 173 (5th Cir. 1990), abrogated on other grounds by Little v. Liquid Air Corp., 37 F.3d 1069, 1075, n. 14 (5th Cir. 1994) (*en banc*). Rule 6(a) of the Federal Rules of Civil Procedure excludes weekends and holidays from computation when the period of time allowed for filing is less than eleven days.  Allstate filed this motion for new trial on January 11, 2008, within ten days of entry of the Court's January 9 Order granting remand.  Therefore, the Court treats it as a motion under Federal Rule of Civil Procedure 59(e). See, e.g., U.S. v. Deutsch, 981 F.2d 299 (7th Cir. 1992) (substantive motion served within ten days is treated as a motion under 59(e)); U.S. v. One Dodge Pickup, 959 F.2d 37 (5th Cir. 1992) (motion that calls into question the correctness of the court's ruling is treated as a motion under Rule 59(e)).

Because of the interest in finality, motions for reconsideration may only be granted if the moving party shows there was a mistake of law or fact or presents newly discovered evidence that could not have been discovered previously.  Templet v. Hydrochem, Inc., 367 F.3d 473, 478-79 (5th Cir. 2004).  Moreover, Rule 59 motions should not be used to relitigate old matters, raise new arguments, or submit evidence that could have been presented earlier in the proceedings.  See id. at 479; Simon v. United States, 891 F.2d 1154, 1159 (5th Cir. 1990).  The grant of such a

motion is an "extraordinary remedy."  <u>Indep. Coca-Cola Employees' Union of Lake Charles, No. 1060 v. Coca-Cola Bottling Co. United, Inc.</u>, No. 04-30142, 2004 WL 2554847, at *4 (5th Cir. Nov. 11, 2004) (citing <u>Templet v. Hydrochem, Inc.</u>, 367 F.3d 473, 479 (5th Cir. 2004)).

II.

Because it was not raised by the parties,[1] the Court must raise on its own the issue of the Court's jurisdiction to review its remand order.  Finality is paramount in the context of review of remand orders.  Indeed, 28 U.S.C. § 1447(d) bars review of remand orders, making the district court the "final arbiter"[2] of whether it has jurisdiction: "An order remanding a case to the State court from which it was removed is not reviewable on appeal or otherwise."[3]  This is a strict rule.  <u>See</u>, <u>e.g.</u>, <u>State of Rio de</u>

---

[1] The plaintiff did not file an opposition to Allstate's motion, presumably recognizing that the Court lacks jurisdiction to review its own remand order.

[2] <u>See</u> <u>Smith v. Texas Children's Hospital</u>, 172 F.3d 923, 925 (5th Cir. 1999) (citation omitted).

[3] The Fifth Circuit has noted that "[w]hen a remand is ordered under § 1447(c), the remand order is not reviewable, even if a court employs erroneous principles in concluding that it is without jurisdiction under § 1447(c)."  <u>See</u> <u>Smith</u>, 172 F.3d at 925 (citing <u>Gravitt v. Southwestern Bell Tel. Co.</u>, 430 U.S. 723, 723-24 (1977) (per curiam)); <u>see</u> <u>also</u> <u>Heaton v. Monogram Credit Card Bank of Georgia</u>, 231 F.3d 994, 997 (5th Cir. 2000) ("even if [the district judge's] conclusion that he lacked subject matter jurisdiction was clearly erroneous, he did not state a non-§ 1447(c) ground for remand and we cannot review his order").  The Supreme Court has explained that "Congress immunized from all forms of appellate review any remand order issued on the grounds

3

Janeiro v. Philip Morris, Inc., 239 F.3d 714, 716 (5th Cir. 2001) (referring to a defendant's attempt to secure review of such a remand order as akin to "escap[ing] the black hole force of a remand for want of jurisdiction").

Where the district court remands a case for lack of subject matter jurisdiction (a "non-reviewable remand order"), the Fifth Circuit has determined that the district court "is completely divested of jurisdiction once it mails a certified copy of the [remand] order to the clerk of the state court." See In re Shell Oil Company, 932 F.2d 1523, 1528 (5th Cir. 1991) (quoting Browning v. Navarro, 743 F.2d 1069, 1078 (5th Cir. 1984)).

Here, a certified copy of the remand order was mailed to the state court on the day the Court's remand order was entered (January 9, 2008).  The plaintiff had moved to remand this case solely on the ground that this Court lacked subject matter jurisdiction. Determining that the plaintiff's argument had merit, the Court granted the motion, and the case was remanded to the Civil District Court for the Parish of Orleans.  Allstate fails to persuade the Court that it has jurisdiction to review its remand

---

specified in § 1447(c), whether or not that order might be deemed erroneous by an appellate court [in order] to prevent delay in the trial of remanded cases by protracted litigation of jurisdictional issues." Termtron Products, Inc. v. Hermansdorfer, 423 U.S. 336, 351, 96 S.Ct. 584, 593, 46 L.Ed.2d 542 (1976).

order.[4]

Accordingly, Allstate's motion to reconsider this Court's remand order is DENIED.  The remand order is based on lack of subject matter jurisdiction and, therefore under 28 U.S.C. § 1447(d), the order is "not reviewable on appeal or otherwise."

New Orleans, Louisiana, February 11, 2008.

_____
MARTIN L. C. FELDMAN
UNITED STATES DISTRICT JUDGE

---

[4] Despite the well-settled strict prohibition barring review of remand orders based on lack of subject matter jurisdiction, Allstate assumes the opposite position: Allstate contends that motions to reconsider are appropriate "even", says Allstate, "in the context of motions to reconsider that challenge an order granting remand to state court."  At best, this assertion is incomplete.  In support of its argument, Allstate cites Arnold v. Garlock, Inc., 278 F.3d 426, 437-38 (5th Cir. 2001), which notes that there are "few exceptions" to the general rule barring appellate review of district court orders remanding cases for lack of subject matter jurisdiction.  Allstate neither acknowledges this general prohibition, nor suggests which exception to the rule would apply here.  Allstate's other "support" for its assumption that the Court may review its remand order is more troubling.  Allstate cites a case, Bertucci v. Lafayette Ins. Co., No. 01-608, 01-980, 2001 WL 1223587 (E.D. La. Oct. 12, 2001), where the court "grant[ed] a defendant's motion to reconsider the grant of a motion to remand, holding the court erred when it found it did not have jurisdiction, and, therefore, vacat[ed] the prior remand order."  But Allstate's research is, at best, incomplete: the court's order in Bertucci that granted reconsideration of its prior remand order was subsequently **vacated** because that reconsideration order was "void and without effect as the Court had no jurisdiction to entertain such a motion."  See Hood v. Allstate Ins. Co., No. 01-980, 2002 WL 1268400 (E.D. La. June 5, 2002) (vacating judgment in Bertucci, 2001 WL 1223587).

5